**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| **NANCY SCHWARTZ** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 4:26-cv-00540-O** |
| | § | |
| **ENVOY AIR, INC.,** | § | |
| | § | |
| | § | |
| **Defendant.** | § | |

**OPINION & ORDER**

Before the Court are Defendant Envoy Air Inc.'s Motion to Dismiss (ECF No. 6); Plaintiff's Response (ECF No. 8); and Defendant's Reply (ECF No. 9). Having considered the Motions, briefing, and applicable law, the Court finds that the Defendant's Motion to Dismiss (ECF No. 6) should be **GRANTED in part and DENIED in part**.

## I. BACKGROUND[1]

This case arises from allegations of employment discrimination brought by Plaintiff Nancy Schwartz ("Plaintiff") against her former employer, Defendant Envoy Air Inc. ("Defendant"). Defendant is a corporation with its principal place of business in Texas.

On or about February 2, 2016, Plaintiff began her employment with Defendant as a Maintenance Base Coordinator Clerk at Defendant's DFW Airport operation. During her employment, Plaintiff suffered from spinal stenosis, a medical condition that required her to attend medical appointments and physical therapy during the workday. Plaintiff alleges that, despite Defendant's knowledge of her condition, Defendant denied her requests for scheduling

[1] Unless otherwise cited, the Court's recitation of the facts is taken from Plaintiff's Complaint. *See* Pl.'s Compl., ECF No. 1.

accommodations to attend these appointments. Following these denials, Plaintiff alleges that her supervisors subjected her to increasingly hostile treatment, including raises their voices, dismissing her concerns, and engaging in degrading conduct. Plaintiff further alleges that Defendant relocated her to a remote storage area despite her continued responsibility for duties requiring access to her former workspace.

Plaintiff also alleges that Defendant subjected her to disparate disciplinary treatment compared to similarly situated male employees. Specifically, Plaintiff contends that Defendant imposed harsher discipline against her for policy violations while overlooking comparable or more serious infractions committed by male employees. In June 2024, Plaintiff was disciplined after failing to display her identification badge in a restricted area. Plaintiff alleges that similar security infractions by other employees were routinely overlooked or treated less severely. Thereafter, Defendant investigated allegations concerning Plaintiff's conduct in a restroom changing area. Plaintiff contends that these allegations were exaggerated, inadequately investigated, and ultimately used as a pretext for her termination in July 2024.

Following her termination, Plaintiff filed a Charge of Discrimination with the Equal Opportunity Commission ("EEOC") and received a Notice of Right to Sue on or about February 5, 2026. On May 1, 2026, Plaintiff initiated this action against Defendant, asserting claims under the Americans with Disabilities Act of 1990 ("ADA"), as amended by the ADA Amendments Act of 2008, Title VII of the Civil Rights Act of 1964 ("Title VII"), and the Texas Commission on Human Rights Act ("TCHRA").

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 8(a) requires a claim for relief to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Rule 8 does not require

"'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). If a plaintiff fails to satisfy Rule 8(a), the defendant may file a motion to dismiss the plaintiff's claims under Federal Rule of Civil Procedure 12(b)(6) for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6).

To defeat a motion to dismiss under Rule 12(b)(6), a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

In reviewing a Rule 12(b)(6) motion, the Court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff. *Sonnier v. State Farm Mut. Auto. Ins.*, 509 F.3d 673, 675 (5th Cir. 2007). The Court is not bound to accept legal conclusions as true, and only a complaint that states a plausible claim for relief survives a motion to dismiss. *Iqbal*, 556 U.S. at 678–79. When there are well-pleaded factual allegations, the Court assumes their veracity and then determines whether they plausibly give rise to an entitlement to relief. *Id.* at 679.

## III. ANALYSIS

### A. Defendant's Rule 12(b)(6) Motion to Dismiss Plaintiff's ADA, Title VII, and ADEA Discrimination Claims

Plaintiff alleges that Defendant discriminated against her on the basis of her disability, sex, and age. The Court addresses each claim in turn, beginning with Plaintiff's disability discrimination claim under the ADA.

**i. ADA Discrimination Claim**

The Fifth Circuit has held that, to establish a discrimination claim under the ADA, a plaintiff must demonstrate that: (1) she has a disability; (2) she was qualified for the job; (3) there was a causal connection an adverse employment action and her disability. *E.E.O.C. v. LHC Grp., Inc.*, 773 F.3d 688, 697 (5th Cir. 2014); *Gosby v. Apache Indus. Services, Inc.*, 30 F.4th 523, 526 (5th Cir. 2022). At the pleading stage, Plaintiff is not required to plead facts that meet all elements. *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 511 (2002); *see Moore v. Gen. Motors LLC*, No. 4:25-CV-616-P, 2025 WL 4084036, at *5 (N.D. Tex. Dec. 16, 2025), report and recommendation adopted, No. 4:25-CV-00616-P, 2026 WL 211144 (N.D. Tex. Jan. 27, 2026). Rather, Plaintiff must allege sufficient facts to plausibly suggest that she suffered an adverse employment action because of her disability. *See Cicalese v. Univ. of Tex. Med. Branch, 924 F.3d 762, 766-67 (5th Cir. 2019)*. In assessing the plausibility of Plaintiff's allegations, the Court may look to the elements of a prima facie case of age discrimination for guidance. *See Moore*, 2025 WL 4084036, at *5. The Court therefore considers these elements in turn.

The first factor is whether Plaintiff has sufficiently pled she suffers from a disability. Under the ADA, a plaintiff must assert "not only a disability, but also any limitation resulting therefrom." *Taylor v. Principal Fin. Grp.*, 93 F.3d 155, 164 (5th Cir. 1996). The resulting limitation must have a substantial effect on the plaintiff's "major life activities". *See Grant v. Delta Air Lines, Inc.*, No. 25-CV-00154-ADA, 2025 WL 4706971, at *4 (W.D. Tex. Apr. 21, 2025); *Gardner-Douglas v. Tunsel*, 2024 WL 3976855, at *4 (S.D. Tex. Aug. 27, 2024). The ADA defines major life activities as activities including, but not limited to, "caring for oneself, performing manual tasks, seeing,

hearing, eating, sleeping, walking, standing, lifting, bending, speaking, breathing, learning, reading, concentrating, thinking, communicating, and working." 42 U.S.C. § 12102(2)(A). In this case, Plaintiff has sufficiently identified a medical condition she suffers from—spinal stenosis—and pled that her condition impairs mobility and physical functioning, both of which affect "major life activities" as defined by the ADA.

The second factor is whether Plaintiff was qualified for her job. A person is qualified for their job if they can perform the essential functions of their job with or without reasonable accommodations. 29 CFR 1630.2(m). Plaintiff has pled that she began to work for Defendant in 2016 and was employed for approximately eight and a half years. Plaintiff alleges that at all relevant times, she was qualified to perform the essential functions of her position as Maintenance Base Coordinator Clerk. Because Plaintiff alleges that she carried out her duties as Maintenance Base Coordinator Clerk for approximately eight years without any major complaints regarding her job performance, Plaintiff has adequately alleged she was qualified for her job.

The third factor is whether Plaintiff sufficiently pled facts for the Court to plausibly infer there was a causal connection between Plaintiff's disability and an adverse employment action. To plead an adverse employment action "a plaintiff need only show that she was discriminated against, because of a protected characteristic, with respect to hiring, firing, compensation, or the "terms, conditions, or privileges of employment." *Hamilton v. Dallas Cnty.*, 79 F.4th 494, 506 (5th Cir. 2023). Furthermore, "the Fifth Circuit has held that adverse employment actions include discharges, demotions, refusals to hire, refusals to promote, and reprimands." *Kerfoot v. Weatherford Indep. Sch. Dist.*, No. 4:22-CV-00920-O, 2023 WL 12278013, at *2 (N.D. Tex. Aug. 18, 2023) (quoting *Breaux v. City of Garland*, 205 F.3d 150, 157 (5th Cir. 2000) (internal quotation

marks omitted). In her complaint, Plaintiff alleges that she was reprimanded and ultimately terminated. Thus, Plaintiff has alleged an adverse employment action.

To establish a causal connection between Plaintiff's disability and an adverse employment action, Plaintiff can plead that she was treated less favorably than a similarly situated non-disabled employee. *See Zimmer v. Southwestern Bell Tel. Co.*, 108 Fed. Appx. 172, 174 (5th Cir. 2004) (holding that plaintiff failed to state a claim for relief under the ADA because plaintiff failed to show she was treated differently from others similarly situated). At the pleading stage, Plaintiff does not need to point to a specific comparator by name or plead facts showing that the comparator's situation was nearly identical. *Pauwels v. Allied Pilots Ass'n*, No. 4:23-CV-00851-O, 2024 WL 628847, at *5 (N.D. Tex. Feb. 14, 2024) (citing *Cicalese v. Univ. of Texas Med. Branch*, 924 F.3d 762, 767–68 (5th Cir. 2019). Rather, Plaintiff only needs to allege sufficient facts to render her claim plausible. *Iqbal*, 556 U.S. at 678–79. In this case, Plaintiff has alleged that similarly situated disabled employees did not receive the same level of discipline or termination for conduct comparable to hers. Therefore, construing the facts in a light most favorable to the plaintiff, the Court finds Plaintiff has sufficiently pled a claim of disability discrimination. Therefore, Defendant's Motion to Dismiss as to Plaintiff's claim of disability discrimination under the ADA is **DENIED**.

### ii. Title VII Sex Discrimination Claim

To establish a prima facie case of sex discrimination, a plaintiff must show that she: (1) is a member of a protected class; (2) was subject to an adverse employment action; (3) was qualified for her position; and (4) was replaced by someone outside of her protected class or was treated less favorably than other similarly situated employees because of her membership in a protected class. *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 345 (5th Cir. 2007); *Lee v. Kansas City S. Ry. Co.*, 574 F.3d 253, 259 (5th Cir. 2009).

Plaintiff is a female and therefore is a member of a protected class. *Dixon v. Garland*, No. 4:23-CV-000190P, 2024 WL 150509 (N.D. Tex. Jan. 12, 2024), aff'd, 2024 WL 4948843 (5th Cir. Dec. 3, 2024). As previously discussed, Plaintiff has also alleged that she was subject to discipline and ultimately terminated, thus pleading adverse employment action. Plaintiff has also pled she was employed for eight years thereby adequately pleading that she was qualified for her position. Finally, Plaintiff has alleged that other similarly situated males were not punished as harshly for the same or more serious policy violations committed by Plaintiff. Taking these well-pleaded facts as true, the Court concludes Plaintiff's complaint plausibly gives rise to a cause of action for sex discrimination. Accordingly, Defendant's motion to dismiss is **DENIED** as to Plaintiff's claim for sex discrimination under Title VII.

**iii. ADEA Discrimination Claim**

Defendant contends that Plaintiff failed to assert an ADEA claim in her Complaint and instead raised the claim for the first time in her Response to Defendant's Motion to Dismiss. Nevertheless, Defendant addressed the merits of Plaintiff's purported ADEA claim, and the Court briefly does so here.

To establish an age discrimination claim, a plaintiff must plead (1) an adverse employment action that is (2) taken because of plaintiff's protected status. *Smith v. Kendall*, No. 23-50713, 2024 WL 4442040, at *4 (5th Cir. Oct. 8, 2024) (citing *Cicalese*, 924 F.3d at 767).

The Court finds that Plaintiff has alleged sufficient facts to support a claim of age discrimination under the ADEA. Although Plaintiff does not identify her age anywhere in her Complaint, she may rely on her EEOC Charge, which describes her as a "69-year-old-woman," to establish her protected status.[2] Generally, a court's review of a Rule 12(b)(6) motion is limited to

[2] Pl.'s Resp. to Def.'s Mot. to Dismiss, ECF No. 8.

the pleadings. *Pro Mineral, LLC v. Marietta*, No. 3:21-CV-02773-E, 2023 WL 2410884, at *4 (N.D. Tex. Mar. 8, 2023) ("In determining a motion to dismiss under Rule 12(b)(6), the general rule is that a court may only consider factual allegations within the "four corners" of the complaint.") (citing *Morgan v. Swanson*, 659 F.3d 359, 401 (5th Cir. 2011)). However, documents attached to a motion to dismiss may be considered part of the pleadings when they are referenced in the complaint and central to the plaintiff's claim. *Carter v. Target Corp*., 541 Fed. Appx. 413, 416–17 (5th Cir. 2013). Here, Plaintiff referenced her EEOC Charge in her Complaint, and Defendant attached the Charge to its Motion to Dismiss.[3] The Court may therefore consider it in evaluating the sufficiency of Plaintiff's allegations. Accordingly, the Court considers Plaintiff's age as stated in her EEOC Charge and finds that Plaintiff has sufficiently alleged her protected status under the ADEA.

Further, Plaintiff has alleged that similarly situated employees who differed in age were treated differently. Such allegations support an inference that Defendant's adverse employment actions were motivated by Plaintiff's age. *See Olivarez v. T-Mobile USA, Inc.*, 997 F.3d 595, 600 (5th Cir. 2021) (holding that plaintiff failed to plead a disparate treatment claim because plaintiff "failed to plead any facts indicating less favorable treatment than others 'similarly situated' outside of the asserted protected class") (citation omitted). Plaintiff argues that she is not required at the pleading stage to prove a prima facie case of age discrimination and therefore does not need to "identify a younger replacement, identify specific comparators by name, or produce direct evidence of discriminatory intent. Plaintiff need only allege sufficient facts to render her claim plausible."[4] Here, Plaintiff has done so. In her EEOC Charge, Plaintiff expressly alleges that

[3] App. in Supp. of Def.'s Mot. to Dismiss, ECF No 7.
[4] Pl.'s Resp. to Def.'s Mot. to Dismiss, ECF No. 8.

Defendant treated her differently because of her age and "more prejudicially."[5] The Court finds that Plaintiff has alleged sufficient facts to support a plausible inference that Defendant's adverse employment actions were motivated by her age. Accordingly, Defendant's Motion to Dismiss Plaintiff's claim for age discrimination under the ADEA is **DENIED**.

**B. Defendant's Rule 12(b)(6) Motion to Dismiss Plaintiff's ADA Failure to Accommodate Claim**

The Court next considers whether Plaintiff pleads enough facts to establish an ADA failure to accommodate claim. A failure to accommodate claim requires a plaintiff to establish that she: (1) is a qualified individual with a disability; (2) that her employer knows about the disability and its consequential limitations; and (3) that the employer failed to make reasonable accommodations for her known limitations. *Feist v. Louisiana, Dep't of Justice, Office of the Atty. Gen.*, 730 F.3d 450, 452 (5th Cir. 2013). Additionally, a plaintiff "must pursue and exhaust [their] administrative remedies prior to filing a judicial complaint." *Barnes v. Levitt*, 118 F.3d 404, 408 (5th Cir. 1997) (quoting *Johnson v. Bergland*, 614 F.2d 415, 417 (5th Cir.1980)).

As previously addressed, Plaintiff was a qualified individual with a disability. Plaintiff also alleges that Defendant knew about her medical condition and its consequential limitations in addition to Plaintiff's need to attend physical therapy and medical appointments. Additionally, Plaintiff alleges that she requested flexibility in her schedule so she could attend her appointments and that her request was denied. Plaintiff's request for flexibility in her schedule constituted a request for reasonable accommodation.. 29 CFR 1630.2(o)(2)(ii) ("Reasonable accommodation may include . . . [a] part-time or modified work schedule[] . . . ."). Because Plaintiff has pled (1) that she had a disability; (2) that she told Defendant about her disability; and (3) that Defendant

---

[5] App. in Supp. of Def.'s Mot. to Dismiss, ECF No 7.

refused to accommodate Plaintiff's disability by modifying her schedule, Plaintiff has successfully pled a claim for failure to accommodate.

Despite this, Defendant asserts that Plaintiff is barred from bringing such a claim because Plaintiff failed to exhaust her administrative remedies prior to filing the complaint.[6] Although Plaintiff filed a Charge of Discrimination, Defendant argues that Plaintiff made no formal allegation of failure to accommodate.[7] But when determining whether a plaintiff has properly exhausted her administrative remedies, a court does not solely rely on "the scope of the administrative charge itself." *Pacheco v. Mineta*, 448 F.3d 783, 789 (5th Cir. 2006). Instead, a court determines whether the claims are "within the scope of the ... investigation which can reasonably be expected to grow out of the [administrative] charge of discrimination." *Williams v. Tarrant Cnty. Coll. Dist.*, 717 Fed. Appx. 440, 445 (5th Cir. 2018) (quotation marks and citation omitted).

Here, Plaintiff alleges that she asked her supervisor to adjust her schedule to accommodate her physical therapy appointments. Plaintiff also alleges that her supervisor refused to approve her request.[8] From these allegations, the Court can plausibly infer that it would be reasonable for a charge of failure to accommodate to grow out of the charge of discrimination. Accordingly, Defendant's Motion to Dismiss Plaintiff's claim for failure to accommodate under the ADEA, to the extent that they were raised, is **DENIED**.

### C. Defendant's Rule 12(b)(6) Motion to Dismiss Plaintiff's Title VII and TCHRA Hostile Work Environment Claims

The Court now addresses where Plaintiff has successfully pled her Title VII and TCHRA hostile work environment claims. Title VII and TCHRA claims are governed by the same law.

---

[6] Def.'s Mot. to Dismiss, ECF No. 6.
[7] *Id.*
[8] Pl.'s Complaint, ECF No. 1.

*Shackelford v. Deloitte & Touche, LLP*, 190 F.3d 398, 403 n. 2 (5th Cir. 1999). A hostile work environment claim requires a plaintiff prove that: (1) she belongs to a protected class; (2) she was subject to unwelcome harassment; (3) the unwelcome harassment was because of her protected characteristic; (4) the unwelcome harassment affected a term, condition, or privilege of her employment; and (5) her employer knew or should have known about the harassment and did not take prompt remedial action. *Hernandez v. Yellow Transp., Inc.*, 670 F.3d 644, 651 (5th Cir. 2012). When reviewing a hostile work environment claim, a court considers "the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance." *Faragher v. City of Boca Raton*, 524 U.S. 775, 787–88 (1998) (citation omitted). The work environment must entail harassment "so sufficiently severe or pervasive that it has altered the conditions of employment and creates an abusive working environment.'" *Ortiz v. Eagle Mountain Saginaw Indep. Sch. Dist.*, No. 4:25-CV-0385-P, 2025 WL 1908167, at *2 (N.D. Tex. July 10, 2025) (*quoting Quintana v. Fujifilm N. Am. Corp.*, 96 F. Supp. 3d 601, 621 (N.D. Tex.), aff'd, 628 F. App'x 252 (5th Cir. 2015)).

While Plaintiff has pled that she belongs to a protected class and was subject to an adverse employment action, Plaintiff has not sufficiently pled that she was subjected to unwelcome harassment. Moreover, Plaintiff has also not pled that she was subject to a pattern of repeated harassment so severe that it created an abusive working environment. At most, Plaintiff has pointed to two or three instances where she was subject to an adverse employment action.[9] But adverse employment actions are not always "harassing in the way necessary to support a hostile work environment claim." *Montgomery-Smith v. George*, 810 Fed. Appx. 252, 259 (5th Cir. 2020). Even

---

[9] *Id.*

if these instances did constitute harassment, Plaintiff has not alleged facts showing how closely related these instances were. Without such facts, Plaintiff has not pled an ascertainable pattern of harassment distinguishable from a few isolated incidents. Additionally, Plaintiff has not pled facts showing how any instances of alleged harassment unreasonably interfered with her performance. Plaintiff has alleged that she was relocated to an isolated, undesirable workspace. But the Fifth Circuit has held that "claims of isolation [cannot] form the basis of a hostile work environment claim." *Montgomery-Smith v. George*, 810 Fed. Appx. at 259-60. Rather, these are "minor annoyances." *Id.* at 260. Accordingly, Defendant's Motion to Dismiss Plaintiff's hostile work environment claim under Title VII and TCHRA is **GRANTED**.

**D. Defendant's Rule 12(b)(6) Motion to Dismiss Plaintiff's Title VII and ADA Retaliation Claims**

The Court now addresses whether Plaintiff has sufficiently pled retaliation claims under Title VII and the ADA. "To state a plausible claim for retaliation Title VII and the ADA, Plaintiff must allege that: (1) she engaged in protected activity under Title VII or the ADA, respectively; (2) she was subjected to an adverse employment action; and (3) there was a causal link between her protected activity and the adverse employment action. *Feist v. La., Dep't of Justice*, 730 F.3d at 454 (ADA retaliation); *Cabral v. Brennan*, 853 F.3d 763, 766–67 (5th Cir. 2017) (Title VII retaliation).

Plaintiff has failed to allege that she engaged in protected activity under Title VII. Title VII protects employees who oppose "any practice made an unlawful employment practice by [Title VII]," or who have "made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing" under Title VII. 42 U.S.C. § 2000e-3(a). Here, Plaintiff does not allege that she opposed any unlawful employment practice by Defendant or participated in any

investigation, proceeding, or hearing concerning an alleged Title VII violation. Accordingly, Plaintiff has filed to plausibly allege that she engaged in protected activity under Title VII.

Similarly, Plaintiff has failed to allege that she engaged in protected activity under the ADA. The ADA defines protected activity in the same way that Title VII does but also includes requesting reasonable accommodation as a protected activity. *See Tabatchnik v. Cont'l Airlines*, 262 Fed. Appx. 674, 676 (5th Cir. 2008). Here, Plaintiff alleges she requested a revised work schedule to accommodate her physical therapy appointments. Plaintiff also alleges that after she made her request, she was subjected to adverse employment actions. But Plaintiff fails to allege how much time elapsed between when she engaged in the protected activity and when Defendant took the adverse employment actions against her. Thus, Plaintiff fails to plead the necessary causal link between her protected activity and the adverse employment actions taken against her. *See Feist v. La., Dep't of Justice*, 730 F.3d at 454. The Fifth Circuit has held that "[c]lose timing between an employee's protected activity and an adverse action against him may provide the 'causal connection' required to make out a prima facie case of retaliation." *Swanson v. Gen. Services Admin.*, 110 F.3d 1180, 1188 (5th Cir. 1997) (citing *Armstrong v. City of Dallas*, 997 F.2d 62, 67 (5th Cir.1993)). But, "the temporal proximity must be very close." *Clark Cnty. Sch. Dist. v. Breeden*, 532 U.S. 268, 273, (2001) (internal quotation marks and citation omitted). Without an allegation regarding the time between when Plaintiff requested reasonable accommodation and when she began to experience adverse actions, Plaintiff has not plausibly alleged a claim for retaliation under the ADA.

Accordingly, Defendant's Motion to Dismiss Plaintiff's retaliation claims under Title VII and the ADA is **GRANTED**.

**E. Leave to Amend**

Federal Rule of Civil Procedure 15(a)(2) permits a court to grant leave to amend pleadings and even "evinces a bias in favor of granting leave to amend." *Herrmann Holdings Ltd. v. Lucent Techs. Inc.*, 302 F.3d 552, 566 (5th Cir. 2002). When a plaintiff "fails to adequately state a claim, such deficiency should be 'exposed at the point of minimum expenditure of time and money by the parties and the court.'" *Prewitt v. Cont'l Auto.*, 927 F. Supp. 2d 435, 443 (W.D. Tex. 2013) (quoting *Twombly*, 550 U.S. at 558). But courts should give the plaintiff at least one chance to amend a complaint before dismissing the action with prejudice. *Id.* (citing *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002)). Accordingly, Plaintiff is granted leave to amend to remedy the deficiencies identified herein.

## IV. CONCLUSION

For the forgoing reasons, the Court **GRANTS in part and DENIES in part** Defendant's Motion to Dismiss (ECF No. 6). Plaintiff may amend her Complaint within 20 days of this Order.

**SO ORDERED** on this **19th day** of **November, 2026.**

Reed O'Connor
CHIEF UNITED STATES DISTRICT JUDGE